## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____
|
JOSEPH M. LAURINAITIS, *et al.*,      |
                             |
         Plaintiffs,      |
                             |
v.                              |      Case No. 3:16-CV-01209-WWE
                             |
WORLD WRESTLING        |
ENTERTAINMENT, INC., *et al.*,   |      ORAL ARGUMENT REQUESTED
                             |
         Defendants.     |
_____|

## PLAINTIFFS' RESPONSE OPPOSING DEFENDANTS' NOTICE OF RELATED CASES AND REQUEST FOR TRANSFER

Plaintiffs hereby oppose World Wrestling Entertainment, Inc. ("WWE") and Vincent K. McMahon's ("McMahon"), (collectively, "Defendants") Notice of Related Cases and Request for Transfer as the six cases named by Defendants, (collectively, the "Consolidated Cases") are not related to this case. This case involves different parties and substantially different legal issues, facts, and transactions that must be decided separately with different evidence.

The gravamen of this case is the deliberate misclassification of the Plaintiffs as "independent contractors" by the Defendants, in the face of overwhelming legal precedent to the contrary, for the purpose of maximizing profit at the expense of the health and safety of the Plaintiffs. In this matter, it is alleged that notices <u>required</u> to be given to the Plaintiffs by several federal and state statutes were deliberately withheld from them. For example, notices under the Occupational Health and Safety Act concerning the Plaintiffs' right to a safe working environment and how to report injuries and an unsafe working environment were never provided. Under such circumstances, the "statute of limitations" which the Defendants seek to hide their actions behind simply has no application. Likewise, with required but ungiven Workers Compensation Notices,

1

and Notices under the Family and Medical Leave Act, and the right to organize as a union provided by the National Labor Relations Act. Deprivation of each of these fundamental rights guaranteed to employees, and enjoyed by all other professional athletes, was achieved by the Defendants through coercion, deprivation of legal counsel, and the resulting imposition of unconscionable "booking contracts" which deliberately misclassified the Plaintiffs as "independent contractors" in the face of overwhelming law to the contrary.  Violation of these important federal and state statutes were never a contemplated in the Consolidated Cases referenced by the Defendants.

A case is related under Local R. Civ. P. 40(b) where the actions are "duplicative". *See Tucker v. American International Group, Inc.*, 728 F. Supp. 2d 114, 121 (D. Conn., Aug. 4, 2010), *quoting Alden Corp v. Eazypower Corp.*, 294 F.Supp.2d 233, 236 (D. Conn. 2003).  "Claims are considered duplicative if they arise from the same nucleus of facts." *Id.*  A related case should be transferred pursuant to the first-to-file rule. *Id.* at 120 (internal citations omitted). However, where the issues are clearly different and involve different parties, as here, the first-to-file rule does not apply. *Id.* at 122. "When determining whether to apply the first-filed rule,' [t]he first inquiry is whether virtually the same issue or issues are being decided by the same parties in the respective actions". *American Steamship Owners Mut. Protection and Indem. Ass'n, Inc. v.LaFarge North America, Inc*. 474 F.Supp.2d 474, 486 (S.D.N.Y. 2007).

By the Defendant's own admission, the Consolidated Cases revolve around "sustained long-term neurological injuries from repetitive head trauma during their tenure with WWE". *See* Dkt. No. 16, Notice of Related Cases and Request for Transfer, para. 2.  However, this case involves employment misclassification and deprivation of rights under federal laws which resulted in long-term economic and physical injury. *See* Dkt. No. 1, Complaint, para. 57 (stating the common questions of law and fact include misclassification under OSHA, National Labor

Relations Act, Workers Compensation Laws, the Family Medical Leave, and employers contributory tax payments, as well as negligence and fraud relating to repeated head impacts).

This case will involve entirely different discovery pertaining to the Plaintiffs' misclassification by the Defendants, their coercion by the Defendants, the imposition of unconscionable contracts, mail fraud, wire fraud, as well as RICO and other federal claims, and will require different evidence to prove these claims. *See Tucker v. American International Group, Inc.*, 728 F. Supp. 2d at 123 (noting an examination of the claims set forth in both Complaints evidence non-duplicative actions as one involved employment claims and the other insurance claims, even though both involved fraud).

Additionally, this case involves royalties' contracts and disbursements, employment tax classifications, Securities Exchange Commission ("SEC") filings, and other evidence not related to the Consolidated Cases. *See, e.g.* Dkt. No. 1, Complaint, Count I: Action for Declaratory Relief - Misclassification; Count II: Action for Declaratory Relief – Liability (Pursuant to 28 U.S.C. § 2201); Count III: Violation of 18 U.S.C. § 1962(c); Count IV: Unconscionable Contracts: Declaratory Judgment Act, 28 U.S.C. § 2201(a).[1] These claims involve different issues of law and fact and do not involve the same parties. *See Tucker v. American International Group, Inc.*, 728 F. Supp. 2d at 122, *quoting American Steamship Owners Mut. Protection and Indem. Ass'n, Inc. v. Lafarge North America, Inc.*, 474 F.Supp.2d 474, 486 (S.D.N.Y. 2007), *aff'd on that ground sub nom. New York Marine and General Ins. Co. v. Lafarge North America, Inc.*, 599 F.3d 102, 112-13 (2d. Cir. 2010) (stating the "first inquiry is whether virtually the same issue or issues are being decided by the same parties in the respective actions").

---

[1] Count III evidences the discrete legal issues inherent in this case, which will be amplified and clarified in the RICO Case Statement Plaintiffs will file pursuant to the Local Standing Order on RICO cases.

The Plaintiffs are entirely different individuals and there is an additional Defendant, Vincent K. McMahon. "Courts have declined to apply the first-to-file rule where the parties to the two actions are not identical. *Id.* at 124, *citing Van Zwinnen v. S.S. "EVER GRAND"*, Nos. 92 Civ. 7142 (JFK), 1994 W.L. 465918, at *3-4 (S.D.N.Y., Aug. 24, 1994) (court rejected "first-to-file argument to transfer where parties to the actions were "not identical"); *United States v. International Broth. of Teamsters*, 708 F.Supp. 1388, 1403 (S.D.N.Y. 1989) (first to file rule held inapposite where "parties in the two cases are different"). *See also In re Cuyahoga Equipment Corp.*, 980 F.2d 110, 116-17 (2d. Cir. 1992) (first to file rule usually applies when "identical or substantially similar parties" are present in both courts).  The Defendants claim this case is "related" to the Consolidated Cases because Attorney Konstantine Kyros represents the Plaintiffs in the Consolidated Cases and the Plaintiffs here.  However, the Defendants provide no support for the contention that the same attorneys in two cases provide evidence of identical parties under Local R. Civ. P. 40(b) and 28 U.S.C. § 1404(a), nor is there any.

The Defendants' attempt to relate these substantially different Plaintiffs to the *Windham* Declaratory Judgment action is additionally unpersuasive, as the *only issue* involved in that case was whether the Statute of Limitations related to ambiguous and undefined Plaintiffs with undefined claims.[2]  The action was subsequently dismissed.  On July 21, 2016, the Honorable Vanessa L. Bryant issued an Order denying WWE's Motion for Reconsideration specifically for these undefined John Doe defendants.[3]  As such, WWE's argument is moot.

Here, the neurological injuries sustained by the Plaintiffs are a result of the misclassification and fraud committed by WWE under numerous federal laws, and are a

---

[2] The *Windham* Declaratory Judgment action did not contemplate these particular claims, nor for that matter, do any of the Consolidated Cases.  In fact, the Defendants' arguments that the Statute of Limitations and Repose issues are related are equally implausible as these claims involve different Statute of Limitations and Repose analyses.

[3] *See Russ McCullough, et al. v. World Wrestling Entertainment, Inc.*, 3:15-cv-01074-VLB, Dkt. Nos. 185 and 186.

component of the damages sustained by the Plaintiffs, not elements of many of the claims themselves. Therefore, the substantial nucleus of the case involves discrete issues necessitating different discovery and unique analysis.

This Court has broad discretion in determining motions to transfer. *See Levitt v. State of Maryland Deposit Ins. Fund Corp.*, 643 F. Supp. 1485, 1492 (E.D.N.Y. 1986). The Second Circuit applies the "clear and convincing evidence standard in determining whether to exercise discretion to grant a transfer motion." *Tucker v. American International Group, Inc.*, 728 F. Supp. 2d at 127, *quoting New York Marine and General Ins. Co. v. Lafarge North America, Inc.*, 599 F.3d at 114. "Absent a clear and convincing showing that the balance of convenience strongly favors the alternate forum… discretionary transfers are not favored." *Tucker v. American International Group, Inc.*, 728 F. Supp. 2d at 127, *quoting Li v. Hock*, 371 Fed. Appx. 171, 175 (2d. Cir. 2010) (internal citations omitted).

The Defendants have not met their burden of a clear and convincing showing that transfer is necessary. There is no risk of inconsistent rulings as the claims are substantially different, and judicial economy and efficiency will not be promoted through transferring as the forum is equally convenient and the same law would be applied. Further, the familiarity the Honorable Vanessa L. Bryant has with the Consolidated Cases will not assist her in determining the key issues of this case. The totality of the circumstances evidences the discrete facts and issues in this case which will require unique evidence not relevant to the Consolidated Cases. This case involves different parties with different damages. As such, this case will not require substantial duplication of judicial resources if heard by different judges.

Therefore, Plaintiffs humbly request this Court Deny Defendants' Notice of Related Cases and Request for Transfer as this case is not related to the Consolidated Cases.

ORAL ARGUMENT REQUESTED.

Signed this 22nd day of July, 2016.

Respectfully submitted,

/s/ Anthony M. Norris
Anthony M. Norris, Esq.
KYROS LAW OFFICES
17 Miles Road
Hingham, Massachusetts 02043
Telephone: (603) 995-1792
Facsimile: (617) 583-1905
anorris@kyroslaw.com

Konstantine W. Kyros, Esq.
KYROS LAW OFFICES
17 Miles Road
Hingham, MA 02043
Telephone: (800) 934-2921
Facsimile: 617-583-1905
kon@kyroslaw.com

S. James Boumil, Esq.
BOUMIL LAW OFFICES
120 Fairmount Street
Lowell, Massachusetts 01852
Telephone: (978) 458-0507
SJBoumil@Boumil-Law.com

Brenden P. Leydon, Esq.
TOOHER WOCL & LEYDON LLC
80 4th Street
Stamford, Connecticut 06905
Telephone: (203) 517-0456
Facsimile: 203-324-1407
BLeydon@tooherwocl.com

Erica C. Mirabella, Esq.
MIRABELLA LAW LLC
132 Boylston Street, 5th Floor
Boston, Massachusetts 02116
Telephone: (617) 580-8270
Facsimile: (617) 583-1905
erica@mirabellaLLC.com

R. Christopher Gilreath, Esq.
GILREATH & ASSOCIATES
200 Jefferson Avenue, Suite 711
Memphis, Tennessee 38103
Telephone: (901) 527-0511
Facsimile: (901) 527-0514
chrisgil@sidgilreath.com

*Counsel for Plaintiffs.*

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of July, 2016, a copy of the foregoing Response was served via this Court's electronic case filing system.

*/s/ Anthony M. Norris*
Anthony M. Norris, Esq.