UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH M. LAURINAITIS, *et al.*, | : NO. 3:16-CV-01209-WWE |
| Plaintiffs, | : |
| VS. | : |
| WORLD WRESTLING ENTERTAINMENT, INC., *et al.*, | : |
| Defendants. | : AUGUST 10, 2016 |

## EMERGENCY MOTION FOR STATUS CONFERENCE

Pursuant to Rules 7 and 16 of the Local Rules of Civil Procedure and Rule 16 of the Federal Rules of Civil Procedure, Defendants World Wrestling Entertainment, Inc. ("WWE") and Vincent K. McMahon ("McMahon," and together with WWE, "Defendants") hereby request a status conference at the Court's earliest opportunity to discuss matters of urgency related to the management of this case. In support of this emergency motion, Defendants state as follows:

1. There are already pending in this District six related cases all of which have been consolidated before the Honorable Vanessa L. Bryant. Each of the Consolidated Cases[1] concerns allegations that WWE is somehow liable for long-term neurodegenerative

---

[1] The six Consolidated Cases are: *McCullough v. WWE, Inc.*, No. 3:15-cv-1074(VLB)(lead case); *Haynes v. WWE, Inc.*, No. 3:15-cv-1156(VLB); *Frazier v. WWE, Inc.*, 3:15-cv-1229(VLB); *James v. WWE, Inc.*, No. 3:15-cv1305(VLB); *Singleton v. WWE, Inc.*, No. 3:15-cv-425(VLB); and *WWE, Inc. v. Windham*, No. 3:15-CV-994(VLB) (declaratory judgment action). All claims of *McCullough* and *Haynes*, both of which were styled as class actions, have been dismissed. *Frazier* and *James* are both styled as wrongful death claims and are the subject of pending motions to dismiss. The *Singleton* case was originally brought as a purported class action, but was amended to delete class allegations. All claims in that case were dismissed except for a fraud by omission claim, which is currently the subject of a pending motion for summary judgment. The *Windham* case is a declaratory judgment action brought by WWE against four wrestlers represented by Plaintiffs' lead counsel, Konstantine Kyros, who threatened to bring similar claims.

injuries, including Chronic Traumatic Encephalopathy ("CTE"), purportedly suffered by former WWE wrestlers.

2. The five cases brought against WWE which have been consolidated before Judge Bryant were all transferred to this Court by different federal judges amidst an adjudicated forum-shopping scheme orchestrated by Mr. Kyros. Thus, federal judges in the District of Oregon, the Central District of California, the Northern District of Texas, the Western District of Tennessee, and the Eastern District of Pennsylvania all acted to have the cases sent to this Court.

3. The first case transferred to this District was the *Singleton* case, which was assigned to the Honorable Vanessa L. Bryant. When the other four cases were transferred to this District, they were originally assigned to other judges. Thereafter, WWE filed notices that they were related cases, and all such cases were then reassigned to Judge Bryant. Judge Bryant has consolidated all the cases.

4. Specifically, *Frazier* and *James* were originally assigned to the Honorable Robert N. Chatigny, who transferred both to Judge Bryant. *McCullough* and *Haynes* were originally assigned to the Honorable Victor A. Bolden, who transferred both to Judge Bryant. The *Windham* case was originally assigned to the Honorable Stefan R. Underhill, who also transferred that case to Judge Bryant.

5. After transfer and consolidation, Judge Bryant has spent considerable time and effort analyzing and ruling on the claims regarding alleged TBIs and CTE asserted by Mr. Kyros, including issuing a substantive opinion dismissing the *Haynes* and *McCullough* cases in their entirety and all claims but a fraud by omission claim in the *Singleton* case. Judge Bryant also issued a substantive opinion on a motion for rehearing filed by WWE

in the *Windham* case and is in the process of writing opinions on motions to dismiss filed in the *Frazier* and *James* cases.

6. Additionally, Judge Bryant has actively managed the Consolidated Cases. By Order dated November 10, 2015 (Dkt. 89), Judge Bryant stayed all discovery in the Consolidated Cases. She subsequently issued an order partially lifting the stay (Dkt. 107), only with respect to discovery in the *Singleton* case and only regarding three narrow issues identified in her order related to the sole surviving claim, which is now subject to a pending summary judgment motion. Judge Bryant also has issued at least 14 text orders on miscellaneous case management issues in the Consolidated Cases and 16 text orders relating to discovery issues in the *Singleton* case, including a compulsion order regarding the plaintiffs' failure to properly answer interrogatories (Dkt. 144).

7. As a result of the failure to comply with Judge Bryant's compulsion order, and the filing of responses which WWE contends are perjurious, WWE recently filed a sanctions motion before Judge Bryant regarding those issues.

8. In the present case, all 17 causes of action on behalf of the 53 plaintiffs in the prolix 667-paragraph, 214 page Complaint likewise include allegations that "[t]his case involves retired professional wrestlers and performers who sustained long term neurological injuries during their tenure with WWE. … These injuries involve a neurological disease and ongoing disease process called [CTE] as well as the effects of [TBI] that occur as a consequence of repetitive head trauma sustained by the Plaintiffs as professional wrestlers in matches sponsored, controlled and created by WWE." Compl. [Doc. 1] ¶¶ 1-2.

9. In the present case, Plaintiffs' counsel also seek to re-litigate issues they have raised and consistently lost when opposing transfer of the individual cases to this Court, specifically the alleged unconscionability of contracts between WWE and talent containing forum selection clauses. In fact, one of the contracts attached as an exhibit to the Complaint in the present case is that of Nelson Frazier, whose estate is the plaintiff in the *Frazier* case pending before Judge Bryant.

10. Accordingly, on July 21, 2016, Defendants filed a Notice of Related Cases (Doc. 16) with the request that this case be transferred to the docket of Judge Bryant. Plaintiffs opposed Defendants' request for transfer on July 22,[2] which was the first time such transfer was opposed by Plaintiffs' counsel. (Doc. 22).

11. The reasons for Plaintiffs' objection to this transfer are apparent. Plaintiffs seek to avoid substantive rulings that have been made by Judge Bryant in the Consolidated Cases, and have chosen to ignore her pleading admonitions in the present case once again. In the Consolidated Cases, Judge Bryant has admonished Plaintiffs' counsel for pleading

---

[2] In opposing the transfer request, Plaintiffs argued that a case is "related" under Local Rule 40(b) only where the actions are "duplicative" and so subject to transfer under the first-to-file rule. *See* Doc. 22 at 2. Plaintiffs' position is based on only a single case in which the parties had *agreed* to apply that standard. While Defendants have found no other cases decided under Local Rule 40(b), the rule explicitly authorizes the Chief Judge to transfer cases in her sole discretion, which is inconsistent with Plaintiffs' contention that the first-to-file standard applies. There is no suggestion in the rule that a different standard applies to transfer requests considered by the presiding judge. Moreover, the plain meaning of "related" is far broader than "duplicative." *See, e.g.*, http://www.merriam-webster.com/dictionary/related (defining related to mean "connected in some way, in the same family, belonging to the same group because of shared characteristics, qualities, etc.").

practices in clear violation of the Federal Rules — conduct that continues and indeed has worsened in the present case.[3]

12. During the very first status conference in the *Singleton* case, on June 8, 2015, Judge Bryant admonished Attorney Kyros with respect to the claims he had alleged on behalf of two of his clients in a complaint that was also not compliant with Rule 8, as follows:

- "The defendant should not have to write a motion to dismiss, nor should the Court have to read, research, and write a decision on a motion to dismiss when it's patently clear to the parties prior to the filing of the motion, that the claim should be dismissed.  This … is a Court of law." *Singleton v. WWE, Inc.*, No. 3:15-cv-00425(VLB), June 8, 2015, Hr'g Tr. at 49 (attached).

- With respect to joinder of two different plaintiffs in a single action:  "I mean they fought at different times, with different people, different number of times.  I'm assuming they have different medical conditions.  They've been seen by different doctors.  They have different diagnosis.  They have different prognosis. …  So they don't have the same nucleus of fact.  They only thing they have in common is that they both assert that their injuries emanated from working for the defendant." *Id.* at 54-55.

- "I don't want you to talk in generalities.  This isn't football.  As you know, I'm going to give you a week to amend this complaint and I want you to read it this time.  And a complaint should be a compilation of facts – facts.  I'd really, really like you to read the Federal rule, give it some close consideration, perhaps read some cases on the pleadings standards, and then file this complaint again in a week without any scrivener errors, without a lot of superfluous, hyperbolic, inflammatory opinions and references to things that don't have any relevance ….  A complaint should be a clear and concise statement of the facts that form the basis of your claim.  So you need to identify what claim you're asserting, do the research to find out what facts have to be proven in order to establish that claim and allege the facts that are necessary to prove each claim.  Because the rest of that is just window dressing.  And that's where you get into the trouble that you're in where you're asserting that someone's dead who's not because the complaint is full of hyperbolic stuff.  It's not clear; it's not concise.  Well, it may be clear, but it's neither – it's not concise and it's not accurate." *Id.* at 60-61.

---

[3] As noted, Plaintiffs' lead counsel in these matters, Mr. Kyros, is also lead counsel for the wrestlers in the Consolidated Cases.  Three of the out-of-town law firms that likewise appeared in the Consolidated Cases on behalf of the plaintiffs in those cases did not sign on to the complaint in this case.  Local counsel in the Consolidated Cases, Bill Bloss, also has neither signed the new Complaint nor appeared in this action.

.

- "But Mr. Kyros, neither the defense, nor the Court has time to waste. So you need to know if you have the facts, not general notions, not impressions, not feelings, but facts to support a claim and assert only those claims for which you have factual support. Only those claims that you have a good faith belief based upon fact, not gut emotion, but facts to support and then the defense will have an opportunity to file their motion to dismiss. But until you have a complaint that's worthy of discovery, it's pointless to order the defense to conduct discovery …." *Id.* at 62-63.

13. Notwithstanding these admonishments, Plaintiffs' counsel thereafter filed an amended complaint that was even longer and introduced new problems, while retaining others. Accordingly, in the subsequent ruling on WWE's motions to dismiss in the Consolidated Cases, Judge Bryant again admonished Plaintiffs' counsel for their improper pleading practices:

    - The Court admonished Plaintiffs' counsel for asserting allegations that were "patently false," including copying allegations from one complaint to another. See Doc. No. 116 at 8 ("Other allegations are patently false. They are simply copied and pasted in whole cloth from one complaint to another."); *id.* (noting that the *McCullough* complaint "parrots verbatim the allegation[s]" in other complaints "without bothering to change the name of the plaintiff" and that certain allegations contradicted other allegations in the complaint).

    - The Court admonished Plaintiffs' counsel for repeatedly mischaracterizing evidence to the Court. *See id.* at 58 ("[Plaintiffs' counsel] have repeatedly mischaracterized both the substance and the meaning of [certain] testimony."); *id.* at 59 (Plaintiffs' counsel have "repeatedly" and "misleadingly" made allegations about that testimony).

    - The Court admonished Plaintiffs' counsel for lengthy complaints that lacked allegations specific to the named Plaintiffs. *See id.* at 7 ("Despite the length of the Complaints, the Court's prior admonishment of plaintiffs' counsel and the Court's provision of additional time to file a Second Amended Complaint in the *Singleton* action, there are precious few allegations which detail specific instances of conduct that have wronged any of the plaintiffs."); *id.* at 8 ("The Complaints are replete with theoretical allegations of conditions which a hypothetical person could suffer without alleging any particular Plaintiff actually suffers from such a condition which has been causally connected by an expert to such Plaintiff's performance at WWE events.").

    - The Court admonished Plaintiffs' counsel for making allegations for an improper purpose. See *id.* at 4 ("[t]he Complaints are also excessively lengthy, including large numbers of paragraphs aimed at an audience other than this Court.")

.

- The Court observed that there was "evidence of forum-shopping on the part of Plaintiff's counsel." *Id.* at 23.

- The Court specifically noted, after finding that "patently false" allegations had been made that "a Motion for Sanctions pursuant to Rule 11 has been filed by WWE in the instant case." *Id.* at 8 n.1.

14. Plaintiffs' counsel's improper pleading practices now continue in this case.[4]  Indeed, the Complaint includes claims that have already been dismissed in the Consolidated Cases, including claims for medical monitoring, fraudulent concealment, negligent misrepresentation, and fraud.

15. Plaintiffs attempt to avoid Judge Bryant's rulings by asserting the pretextual argument that their alleged neurological injuries were caused by being misclassified as independent contractors rather than employees.  Plaintiffs' counsel engage in such transparent gamesmanship knowing full well that exact claim of misclassification is foreclosed by other precedents of this Court. *Levy v. World Wrestling Entm't, Inc.*, No. 3:08-cv-1289 (PCD), 2009 U.S. Dist. LEXIS 13538, at *8-9 (D. Conn. Feb. 23, 2009) ("Plaintiffs cite no authority for the proposition that with the completion of their employment, with no claims of failure of defendant to provide any particular benefit, described in the Booking Contracts or not, defendant's exercise of control over their services having caused their status to have evolved to constitute them as employees, defendant can, after the fact, be held liable to respond in some unspecified form to a claim for unprovided, unspecified employee rights, incidents and benefits.  Such a claim would leave defendant susceptible to court created obligations without limitation."); *Levy*

---

[4] Discovery in the Consolidated Cases established that Plaintiff's counsel's improper conduct went well beyond defective pleading.  They have persisted in pursuing fraud-by-omission claims on behalf of the two plaintiffs in *Singleton* notwithstanding deposition testimony by both plaintiffs that they were unaware of any basis on which to claim WWE had defrauded them or were not making such a claim.

-7-
.

*v. World Wrestling Entm't, Inc.*, No. 3:08-cv-1289 (PCD), 2009 U.S. Dist. LEXIS 66200, at *9 (D. Conn. July 31, 2009) (denying plaintiffs' motion to reopen and holding that their "claim that they have an employer-employee relationship" with WWE "has been explicitly rejected by this Court in its ruling granting Defendant's motion to dismiss").

16. While such gamesmanship alone is a sufficient basis for conducting a status conference before proceeding further, other circumstances make the need for a preliminary status conference with the presiding judge (either before or after transfer) exigent. These circumstances include:

   a. The very prolixity of the Complaint violates Rule 8's mandate to include a "short and plain statement of the claim," as well as the prior admonitions given directly to Mr. Kyros by Judge Bryant regarding pleading requirements. Plaintiffs have also failed, notwithstanding the extraordinary length of their Complaint, to comply with the basic requirement that each of them, in fact, set forth his or her own claims. For example, in Count XIII, all Plaintiffs purport to plead a claim for "Intentional Deprivation of Statutory Rights" — which is not even a recognized cause of action — in which each of them purports to assert the failure by WWE to acknowledge their rights under each of the Occupational Safety and Health Act ("OSHA"), the National Labor Relations Act ("NLRA"), and the Family and Medical Leave Act ("FMLA"). It is well-established that there is no private right of action under either OSHA or the NLRA, and the FMLA was not even effective until August 5, 1993 which postdates when many of the individual Plaintiffs performed for WWE. *See* Compl. ¶¶ 62, 71, 74, 78,

79, 82, 86, 90, 91, 96, 98, 103, 105, 106, 109, 111, 112.[5] No plaintiff attempts to directly assert a claim under the FMLA and any such claim would be time-barred in any event.

b. Plaintiffs also lack a good-faith basis for a great many of their allegations. A central charge of the Complaint, running for scores of paragraphs, is that WWE knew of a link between wrestling and long-term neurological injuries long before 2005. In the Consolidated Cases, Mr. Kyros and his co-counsel there alleged specifically, and falsely as discovery showed, that WWE became aware of such a linkage as a result of a 2005 Mayo Clinic article. Based on their own allegations, Judge Bryant then repeatedly issued rulings confining discovery to the period 2005 to the present. Discovery in the Consolidated Cases, as Plaintiffs' counsel are fully aware, revealed that WWE was unaware of any possible link between professional wrestling and long-term degenerative neurological diseases like CTE until 2007, when it was publicly reported that one of its wrestlers had been diagnosed post-mortem with CTE. As Plaintiffs' counsel well know, there is simply no factual basis for these allegations, which is now the subject of a pending summary judgment motion in the Consolidated Cases.

c. WWE is prepared to show the Court that the Complaint in this case was constructed in knowing violation of Judge Bryant's admonitions and orders, and in violation of Rule 11, by conduct which, when done and exposed in other cases, has been

---

[5] Numerous Plaintiffs allege that they wrestled for WWE until 1993, but it is not possible to determine from the face of the Complaint whether they continued to wrestle for WWE after July 1993.

.

characterized by other courts as undermining the integrity of the judicial process by lying to the Court.

17. Plaintiffs' counsel not only hopes to avoid the rulings of Judge Bryant in the Consolidated Cases and two opinions of the late Honorable Peter C. Dorsey in the *Levy* case, but also hopes to create a situation where this Court issues inconsistent rulings on dispositive issues contrary to those issued by Judge Bryant.

18. This case must be closely managed from the outset "to secure the just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1. Because Judge Bryant is already familiar with the similar claims, and tactics, pursed by Plaintiffs' counsel against WWE in the Consolidated Cases and has been managing them, Defendants respectfully request a conference for the purpose of discussing procedures, including transfer, to attain the objectives the Federal Rules command.

19. Among the procedures required to manage this case in accordance with Rule 1, all deadlines in the case, including the deadline for conferring regarding case management, should be held in abeyance, pending disposition of a motion to dismiss the defective claims in this case.

20. WWE is prepared to file a formal motion for consolidation, pursuant to Fed. R. Civ. P. 42, of this case with the Consolidated Cases before Judge Bryant, should the Court so desire.

WHEREFORE, because it is critical that this case receive close management from the outset and the Court and the parties should address procedures for the efficient disposition of Plaintiffs' claims, which requires phased proceedings, including a stay of discovery pending disposition of a motion to dismiss, Defendants respectfully request that the Court set an in-

.

person status conference before the presiding judge (before or after any transfer) at the Court's earliest convenience.

                        DEFENDANTS,
                        WORLD WRESTLING ENTERTAINMENT,
                        INC. and VINCENT K. MC MAHON

                        By: __/s/ Jerry S. McDevitt_____
                        Jerry S. McDevitt (*pro hac vice* pending)
                        Curtis B. Krasik (*pro hac vice* pending)
                        K&L GATES LLP
                        K&L Gates Center
                        210 Sixth Avenue
                        Pittsburgh, PA 15222
                        Phone: (412) 355-6500
                        Fax: (412) 355-6501
                        Email: jerry.mcdevitt@klgates.com
                        Email: curtis.krasik@klgates.com


                        Jonathan B. Tropp (ct11295)
                        Jeffrey P. Mueller (ct27870)
                        DAY PITNEY LLP
                        242 Trumbull Street
                        Hartford, CT 06103
                        Phone: (860) 275-0100
                        Fax: (860) 275-0343
                        Email: jbtropp@daypitney.com
                        Email: jmueller@daypitney.com

                        Their Attorneys

.

-12-

## CERTIFICATION OF SERVICE

      I hereby certify that on August 10, 2016 a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

                                                             /s/ Jeffrey P. Mueller

.