# Exhibit A

```
                  UNITED STATES DISTRICT COURT

                    DISTRICT OF CONNECTICUT




------------------------------ x
                               :
SINGLETON, ET AL,              :
              Plaintiffs       : CIVIL NO.
v.                             : #3:15-CV-00425(VLB)
                               :
WORLD WRESTLING                : June 8, 2015
ENTERTAINMENT, INC.,           :
              Defendants       :
                               :
------------------------------ x


                                    Federal Building
                                    450 Main Street
                                    Hartford, Connecticut



                         HEARING


       (Transcription from Electronic Recording)


Held Before:



              THE HON. VANESSA L. BRYANT
              United States District Judge




              Transcription Services of
           FALZARANO COURT REPORTERS, LLC
                 4 Somerset Lane
                 Simsbury, CT  06070
                   860.651.0258
```

1   have been.  The question is whether or not the
2   Court should stay the case.  And if there are no
3   viable claims, then – and it's --
4           MR. KYROS:  I understand.
5           THE COURT:  -- it's apparent on the
6   face, then let's – you know, let's cut to the
7   chase.
8           MR. KYROS:  Yeah, well the theory --
9           THE COURT:  The defendant shouldn't
10  have to write a motion to dismiss, nor should the
11  Court have to read, research, and write a
12  decision on a motion to dismiss when it's
13  patently clear to the parties prior to the filing
14  of the motion, that the claim should be
15  dismissed.  This is – this is – you know, this
16  isn't a (inaudible) institution here; this is a
17  Court of law.
18          MR. KYROS:  Yes, Your Honor.  The – we
19  don't believe that the statute of limitations
20  applies to Mr. Lograsso –
21          THE COURT:  Because?
22          MR. KYROS:  Because we argue that the –
23  – the injury that he's sustaining right now is
24  due in fact to their continuing campaign of
25  misinformation to the wrestler.  He has currently

```
 1                    MR. KYROS:  That is correct.
 2                    THE COURT:  And why - why do we not
 3      have misjoinder?
 4                    MR. KYROS:  I'm sorry?
 5                    THE COURT:  Why should these case be
 6      joined in a single action?
 7                    MR. KYROS:  Well we have the same
 8      defendant.
 9                    THE COURT:  You think every case
10      against the defendant should be -- all cases
11      against the defendant should be in the single
12      case?  All claims of all parties against the
13      defendant that might be similar in some way
14      should be included in a single case?
15                    MR. KYROS:  Well, not as a general
16      matter.
17                    THE COURT:  I mean they fought at
18      different times with different people, different
19      number of times.  I'm assuming they have
20      different medical conditions.  They've been seen
21      by different doctors.  They have different
22      diagnosis. They have different prognosis.  Is
23      that true?
24                    MR. KYROS:  Yes, that is.
25                    THE COURT:  So they don't have the same
```

```
 1        nucleus of fact.  The only thing they have in
 2        common is that they both assert that their
 3        injuries emanated from working for the defendant.
 4              MR. KYROS:  That is correct.  But there
 5        is a large body of commonality.
 6              THE COURT:  What --
 7              MR. KYROS:  In the nature of the
 8        abusive culture that we allege.  In fact, Mr.
 9        Singleton and Mr. Lograsso both had the same
10        trainer.  So they - you know, there are certain -
11        and I think that the over arching factual record
12        is the same because the theory that undergrids
13        the case --
14              THE COURT:  How - how could it be the
15        same?  I mean they were both injured at different
16        times in different places as a consequence of
17        different conduct, correct?
18              MR. KYROS:  Well the conduct forms a
19        pattern according to our theory of the case.
20              THE COURT:  Okay.  Well tell me how the
21        patterns for these two individuals are the same
22        and not in generalities, not on the basis of your
23        general notion of the case, but specifically
24        these two individuals.  Is the jury going to hear
25        the same evidence or are we basically going to
```

```
 1                THE COURT:  Well --
 2                MR. KYROS:  And to the broad question,
 3    Your Honor, I just want to – just you know, I
 4    know you didn't want me to talk in generalities,
 5    but I represented a large number of NFL football
 6    players --
 7                THE COURT:  No, I'm sorry.  I don't
 8    want you to talk in generalities.  This isn't
 9    football.  And you know, I'm going to give you a
10    week to amend this complaint and I want you to
11    read it this time.  And a complaint should be a
12    compilation of facts – facts.  I'd really, really
13    like you to read the Federal rule, give it some
14    close consideration, perhaps read some cases on
15    the pleadings standards, and then file this
16    complaint again in a week without any scrivener
17    errors, without a lot of superfluous, hyperbolic,
18    inflammatory opinions and references to things
19    that don't have any relevance such as -- I mean
20    you've got references to -- well, maybe not.
21    You've got references to some reports that – well
22    you've got references to one report I can think
23    of right off the bat that was – became – went
24    public in 2014.  What does that have to do with
25    either of your clients?  They had both stopped
```

```
1      wrestling before 2014.  I see no reason to
2      include that in the complaint, other than to
3      inflame.  It's argumentative.  A complaint should
4      be a clear and concise statement of the facts
5      that form the basis of your claim. So you need to
6      identify what claim you're asserting, do the
7      research to find out what facts have to be proven
8      in order to establish that claim and allege the
9      facts that are necessary to prove each claim.
10     Because the rest of that is just window dressing.
11     And that's where you get into the trouble that
12     you're in where you're asserting that someone's
13     dead who's not because the complaint is full of
14     hyperbolic stuff.  It's not clear; it's not
15     concise.  Well it may be clear, but it's neither
16     - it's not concise and it's not accurate.
17            MR. KYROS:  Yes, Your Honor.  I - I
18     understand some of the - some of the - some of
19     the material in the complaint is designed to
20     illustrate you know, the culture of abuse that we
21     believe exists.
22            THE COURT:  You illustrate the culture
23     to the jury through the introduction of evidence.
24            MR. KYROS:  On that - I do believe that
25     I was not aware of that - that scrivener error.
```

```
 1        But my - my client Nelson Frazier is dead at the
 2        age of 43.
 3               THE COURT:  Is Nelson Frazier a
 4        plaintiff in this case?
 5               MR. KYROS:  He is not.
 6               THE COURT:  Well what difference does
 7        it make?
 8               MR. KYROS:  Well that was -- you know,
 9        that was -- I believe that the culture is so
10        abusive that it's causing folks to prematurely
11        you know, die.
12               THE COURT:  Are you - okay, well.  Are
13        you a doctor also?
14               MR. KYROS:  No, Your Honor.
15               THE COURT:  Does the complaint
16        reference Mr. Frazier?  Are you going to
17        reference every wrestler that's dead in your
18        complaint?  I don't - I don't follow that.  You
19        really need to read and get a better grip on the
20        pleading standard in the next week and file an
21        amended complaint.  I'm going to give the defense
22        an additional week to file their motion to
23        dismiss.
24               But Mr. Kyros, neither the defense, nor
25        the Court has time to waste.  So you need to know
```

```
1            if you have facts, not general notions, not
2            impressions, not feelings, but facts to support a
3            claim and assert only those claims for which you
4            have factual support.  Only those claims that you
5            have a good faith belief based upon fact, not gut
6            emotion, but facts to support and then the
7            defense will have an opportunity to file their
8            motion to dismiss.
9                      But until you have a complaint that's
10           worthy of discovery, it's pointless to order the
11           defense to conduct discovery because the defense
12           would be wasting their time conducting discovery
13           on Mr. Frazier.  And you've just admitted that
14           that's irrelevant here.
15                     MR. KYROS:  Well, in order to get some
16           facts, we would – we would you know, request some
17           discovery.  For example in Singleton's case --
18                     THE COURT:  Oh, you're --
19                     MR. KYROS:  -- he was – he was
20           allegedly -- the match in which he was injured,
21           he was videotaped. So we would like to ask the
22           defense for the copy of that tape.
23                     THE COURT:  Mr. who?  Mr. Singleton?
24                     MR. KYROS:  Yes.
25                     THE COURT:  He's your client.  He knows
```