**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---

| |
|---|
| JOSEPH M. LAURINAITIS, *et al.*, |
| |
| Plaintiffs, |
| |
| v. |
| |
| WORLD WRESTLING |
| ENTERTAINMENT, INC., *et al.*, |
| |
| Defendants. |

Case No. 3:16-CV-01209-WWE

---

**PLAINTIFFS' RESPONSE OPPOSING DEFENDANTS' EMERGENCY MOTION FOR STATUS CONFERENCE OR FOR EXTENSION OF TIME TO REPLY**

There is no "good cause" whatsoever for the Defendants' Motion to be characterized as an "Emergency Motion," and the only "Emergency" is Defendants' failure to properly support their effort at transfer (*see* Document 16), which was opposed by Plaintiffs (*see* Document 22). Contrary to the title of the Motion, there is no "Emergency," and it should therefore be stricken as it constitutes a violation of the Local Rules. The Defendants filed a claim of "related case" with a request for transfer on July 21, 2016 (*see* Document 16), which was opposed by Plaintiffs through Document 22 on July 22, 2016. Plaintiffs therefore request this Court to deny the Defendants' Emergency Motion for Status Conference for failing to provide good cause evidencing an emergency. Plaintiffs are available for a properly noticed status conference made under the appropriate rules for appropriate reasons. Plaintiffs also ask the court to strike and disregard the improper and untimely arguments made the Defendants motion.

1.      Despite the requirements under Local Rule 7(a)(3) that good cause must be shown to warrant an emergency, Defendants have provided no evidence of Plaintiffs' unavailability, and no evidence that Plaintiffs have prevented a status conference within the timeframe allotted

under the Rules.  Instead, and contrary to Local Rule 16(b), Defendants have  have filed a motion seeking to avoid conferring with Plaintiffs regarding the Rule 26(f) conference, which has a deadline of August 22, 2016.[1]

2.      In fact, Plaintiffs have been in communication with Defendants' Counsel on numerous occasions, *inter alia*, Defendants provided executed waiver of service forms to Plaintiffs on July 21, 2016; Defendants served a motion for sanctions on Plaintiffs' counsel on Friday August 5, 2016 at 5:01p.m.; and Defendants asked Plaintiffs for extension of time to answer the complaint on August 16, 2016. During these communications, Defendants have not mentioned this status conference, or the purported emergency necessitating their requested relief.

3.      The Defendants' caustic diatribe aimed at Plaintiffs' Counsel vividly evidences Defendants' Counsel's clouded judgment in this matter while reasserting their unsubstantiated claims which utterly lack binding precedent, rules, and facts.  These facts must, at this stage of litigation, be presumed in Plaintiffs' favor, and have been pled with a reasonable likelihood of success on the merits and require discovery for the genuine issues of material facts.

4.      This case is founded upon theories of law substantially different than the matter referenced in the "Emergency Motion," as even a cursory review of the instant Complaint and the referenced Complaint easily demonstrates. The instant Complaint demonstrates the violation of numerous federal statutes, the deliberate misclassification of the Plaintiffs as "employees", and sets forth numerous equitable defenses to the consideration of any "statute of limitations" defense asserted by the Defendants.

---

[1] Local Rule 16(b) states, in part, that "the Court, *after considering the parties' proposed case management plan under Fed. R. Civ. P. 26(f) and Local Rule 26(f)*, shall enter a scheduling order….".  The parties have not conducted a Rule 26(f) conference and have not yet created a case management plan for this Court's consideration.  As such, the Defendants' Motion is untimely in violation of Local Rule 16(b).

5.     Defendants seek to reargue their July 21, 2016 Notice of Related Case, in which they failed to assert a single case authority. The Defendants should not be allowed to simply file "emergency" motions with the intent to merely duplicate the relief sought in their prior filed Motion.  For example, the Defendants, in Footnote No. 2 of their "Emergency Motion", seek to augment the argument advanced in their initial pleading (*see* Document 16), after failing to seek leave to reply. Defendants' pleading failures do not constitute an "emergency."

6.     Defendants seek to transfer this matter by improperly shaping the Court's views with a distorted and selective reading of unrelated cases in their Emergency Motion for a Status Conference.  For example, Defendants have:

    a.  Distorted the procedural record in unrelated cases;

    b.  Mischaracterized the claims made in the unrelated cases, including false allegations that a named plaintiff in an unrelated case committed perjury;

    c.  Mischaracterized the claims made in this case and ignored the substance of the Plaintiffs' legal and factual positions, as described in Plaintiffs' Complaint and briefly summarized below;

    d.  Used their own prior, never-adjudicated sanctions motions as purported evidence of a factual record;[2]

    e.  Stated in their Motion and to the media that a typographical error is the equivalent of a "patently false" allegation;

    f.  Improperly argued statute of limitations defenses in their Motion;

    g.  Accused Plaintiffs' Counsel of "lying to the court".

---

[2] Such unsavory tactics have been repeated in this case as the Defendants have already served Plaintiffs' Counsel with a sanctions motion.

7.     At this time, Plaintiffs refer the Court to the motions already before it, namely Plaintiffs' opposition to Defendants' Notice of Related Case and Request for Transfer, Dkt. No. 22, where the Plaintiffs describe the obvious differences between the causes of action before this Court and those in front of the Honorable Judge Bryant.  Defendants already made their case for consolidation in their Notice of Related Case and Request for Transfer, and this Emergency Motion for Status Conference is not the appropriate vessel for such arguments and should be stricken from the Court's consideration.

8.     Defendants ignore the entirely new causes of action, claiming that "all 17 causes of action" allege that the Plaintiffs suffered long term neurological injuries, but fail to mention the significant new causes of action in the instant Complaint: including but not limited to violations of the Racketeering Influenced and Corrupt Practices Act (Count III), violations of the Occupational Safety and Health Act, violations of the Family Leave and Medical Act, deliberate and fraudulent misclassification of the Plaintiffs as "independent contractors" (Count I), contract unconscionability (Count IV), and Accounting and Disgorgement (Count XVI).   In typical fashion, each count incorporates the general allegations and references the allegations of other counts. There is no rule of pleading which turns a contract count into a negligence count merely because the allegations of one were referenced in the other. In that regard, it is difficult to fathom the Defendants' incomprehensible argument, apparently scrambled together under a fictionalized "emergency" pressure.

9.     Additionally, this action contains multiple new Defendants – Vincent K. McMahon and various family Trusts through which he exercises total control over the affairs of the Defendant WWE.

The Defendants' untimely reliance on *Levy*, a case decided on the pleadings alone, with no discovery or evidentiary hearing, and where there was no specific pleading of the losses claimed, the statutes implicated, or the various tolling doctrines, is distinguishable from the in Plaintiffs' Complaint, which set forth extensive descriptions, and is improper, inequitable, and fails to account for the dramatic changes in law and policy relating to worker misclassification since the *Levy* decision. At this time, Plaintiffs will  cite to *Makarova v. United States*, 201 F.3d 110 (2d. Cir. 2000), where performance artists were determined to be employees, not independent contractors, based on the control exercised by the employer. The facts required to make this determination necessitates ongoing discovery in this matter to determine the merits of the case in a fair and equitable manner.[3]

10.     Regardless, a motion for status conference is not the appropriate vessel to argue substantive pleadings, and so Plaintiffs urge the Court to disregard Defendants' improper and untimely statements, as Plaintiffs sufficiently described in their Complaint the worker misclassification inherent in WWE on a widespread level which deprives the Plaintiffs of their rights, including contractual, and has resulted in a major health crisis in the wrestling community. Such misclassification and fraudulent schemes have caused the Plaintiffs to suffer numerous injuries, of which CTE and long-term neurological injury is but one element.

11.     The Plaintiffs' causes of action describe the overall, exploitative working conditions and structure of the WWE workplace designed to deprive the Plaintiffs of their rights. Count I of Plaintiffs' Complaint details the employment misclassification that stemmed from the

---

[3] *Makarova* noted courts have repeatedly found performance artists to be "employees". "A performer who has entered into a written contract with a producer for a stipulated sum and a time certain, with the time and place of work to be determined by the producer, has been held to be the producer's "employee"." *Id.* at 114 (internal citations omitted). Although *Makarova* applied New York law, Connecticut law does not appear meaningfully different in this regard, as WWE itself has previously conceded. *See Bass v. World Wrestling Fed'n Entm't, Inc.*, 129 F. Supp. 2d 491, 504 (E.D.N.Y. 2001) ("To the contrary, the WWF argues that both Connecticut and New York workers' compensation law bars Plaintiff's tort claims equally.").

unconscionable booking contracts developed by the Defendants, and which played a role in the RICO scheme to profit from the misclassification of their wrestlers.  One result, and certainly not the only, has been the long-term health effects resulting from the Defendants' failure to provide proper care and treatment under both OSHA and FMLA.  The Plaintiffs have alleged numerous injuries in their Complaint, which include contract unconscionability and an accounting and disgorgement.  The Defendants attempt to simplify their claims to long-term head injuries is skewed and inaccurate.

12.    After nine pages, Defendants make their first and only legal attempt at explaining their "emergency", namely, that this case must be "closely managed from the outset" pursuant to Rule 1 of the Federal Rules of Civil Procedure.  Nine pages of unresponsive descriptions of unrelated testimony, skewed procedural history, and disparaging remarks about Plaintiffs' Counsel does not provide good cause for an emergency status conference and stay of discovery pending a motion to dismiss where the Plaintiffs are barred from conducting *any* discovery relating to their causes of action.

13.    The Defendants' requests themselves violate Fed. R. Civ. P. 1 by preventing the Plaintiffs from receiving a "just, speedy, and inexpensive determination" of this action, and should be denied.[4]

14.    As stated above, the Defendants clearly seek to reargue their July 21, 2016 Notice of Related Case. The Defendants should not be allowed to file duplicative motions and taint the record.

---

[4] Although belonging in a separate motion, Defendants seek an emergency stay of discovery after reading Plaintiffs' RICO Case Statement, Docket No. 25, where Plaintiffs describe the need for adequate discovery to fully uncover Defendants' widespread fraud.  Such stay of discovery, before even a Rule 26(f) conference has been held, is untimely and the wildly inappropriate claims against Plaintiffs' Counsel and skewed descriptions of unrelated cases' procedural history do not provide good cause for a stay of discovery.

WHEREFORE, Plaintiffs respectfully request this Court to Deny the Defendants' Emergency Motion in its entirety, and strike the unresponsive and wildly inappropriate accusations of Plaintiffs' Counsel from the record.  Plaintiffs additionally request that if the Motion is not denied in its entirety, that Plaintiffs be permitted an additional fourteen (14) days to reply to the numerous unfounded, untimely, and improper allegations and requests for relief made in their "emergency" motion for a status conference.

DATED: August 19, 2016.

Respectfully Submitted,

/s/ Brenden P. Leydon
Brenden P. Leydon, Esq.
TOOHER WOCL & LEYDON LLC
80 4th Street
Stamford, Connecticut 06905
Telephone: (203) 517-0456
Facsimile: 203-324-1407
BLeydon@tooherwocl.com

Konstantine W. Kyros, Esq.
KYROS LAW OFFICES
17 Miles Road
Hingham, MA 02043
Telephone: (800) 934-2921
Facsimile: 617-583-1905
kon@kyroslaw.com

S. James Boumil, Esq.
BOUMIL LAW OFFICES
120 Fairmount Street
Lowell, Massachusetts 01852
Telephone: (978) 458-0507
SJBoumil@Boumil-Law.com

Anthony M. Norris, Esq.
KYROS LAW OFFICES
17 Miles Road
Hingham, Massachusetts 02043
Telephone: (603) 995-1792
Facsimile: (617) 583-1905

7

anorris@kyroslaw.com

Erica C. Mirabella, Esq.
MIRABELLA LAW LLC
132 Boylston Street, 5th Floor
Boston, Massachusetts 02116
Telephone: (617) 580-8270
Facsimile: (617) 583-1905
erica@mirabellaLLC.com

R. Christopher Gilreath, Esq.
GILREATH & ASSOCIATES
200 Jefferson Avenue, Suite 711
Memphis, Tennessee 38103
Telephone: (901) 527-0511
Facsimile: (901) 527-0514
chrisgil@sidgilreath.com

*Counsel for Plaintiffs.*

CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of August, 2016, a copy of the foregoing Complaint was served via this Court's electronic case filing system.

/s/ Brenden P. Leydon_____
Brenden P. Leydon, Esq.