### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

JOSEPH LAURINAITIS, ET AL,

    Plaintiffs,

v.

WORLD WRESTLING ENTERTAINMENT, INC.; et al

    Defendant.

Case No. 3:16-CV-01209-WWE

### **PLAINTIFFS PROPOSED 26(F) REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, Plaintiffs requested Defendants counsel to participate in a 26 planning conference, however Defendants refused to do so. Therefore, Plaintiffs are proposing the following schedule so the case may reasonably move forward:

    **I.**     **Certification**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

    **II.**     **Jurisdiction**

    **A.**     **Subject Matter Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) based on diversity of citizenship of the parties.

    **B.**     **Personal Jurisdiction**

Personal jurisdiction is not contested.

**II.    Brief Description of Case**

    **A.    Plaintiffs**

The Plaintiffs claims stem from WWE's egregious misclassification of and mistreatment of its wrestlers for its own benefit, resulting in both economic as well as noneconomic harm, as more fully set forth in Plaintiffs' Complaint.

Plaintiffs seek equitable relief, declaratory relief, compensatory and punitive damages and for the losses suffered by Plaintiffs as a result of WWE's acts or omissions.

    **B.    Defendants**

**III.    Statement of Undisputed Facts**

As Defendants have not agreed to confer, we are not able to enter into any such stipulations at this time.

**IV.    Case Management Plan:**

    **A.    Standing Order on Scheduling in Civil Cases**

The Plaintiffs request modification of the deadlines in the Standing Order on Scheduling in Civil Cases.

    **B.    Scheduling Conference with the Court**

The Plaintiffs do request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The Plaintiffs prefer a conference in person

    **C.    Early Settlement Conference**

        1.    Plaintiffs certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Plaintiffs believe a fair settlement is possible.

        2.    Plaintiffs request an early settlement conference.

    3.    Plaintiffs would agree to a settlement conference with the presiding judge, a magistrate judge, a parajudicial office, or a special master.

    4.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    **D.**    **Joinder of Parties and Amendment of Pleadings**

    1.    Plaintiffs should be allowed until November 1, 2016 to file motions to join additional parties and motions to amend the pleadings. Plaintiffs should be allowed 60 days to file a response to any motions to dismiss filed by WWE, due to its anticipated complexity and the numerosity of grounds expected to be asserted.

    2.    WWE should be allowed until November 1, 2016 to file motions to join additional parties and 60 days to file a response to any amended pleadings filed by Plaintiffs.

    **E.**    **Discovery**

    1.    Plaintiffs anticipate that discovery will be needed on, among other things, the following subjects:

        a.    WWE's and its predecessors and/or affiliates practices, policies and procedures in classifying its wrestlers and its acts or omissions in communicating with and about its wrestlers in relation to their health, welfare, rights and responsibilities.

        b.    WWE's and its predecessors and/or affiliates practices, policies and procedures, and its investigation and knowledge regarding health concerns, hazards or risks relating to its wrestlers.

        c.    The involvement of any other persons relating to WWE's and its predecessors and/or affiliates practices, policies and procedures in classifying its wrestlers and its acts or omissions in communicating with and about its wrestlers in relation to their health, welfare, rights and responsibilities.

        d.    Matters related to all allegations in the Plaintiffs Complaint and any pleadings, motions, communications or statements of Defendants related to the subjects of this litigation.

        e.    All documents, including e-mails and other correspondence, related to the topics listed above.

2. Initial disclosures pursuant to Rule 26(a)(1) will be exchanged by the parties on November 1, 2016.

3. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced immediately following the entry of a scheduling order by this Court and completed (not propounded) within 12 months.

4. Discovery will not be conducted in phases.

5. The Plaintiffs anticipate that the Plaintiffs will require a total of 20 depositions of fact witnesses and that the WWE will require a total of X depositions of fact witnesses. The depositions will commence be completed by the close of discovery.

6. The Plaintiffs will request permission to serve more than 25 interrogatories.

7. Plaintiffs intend to call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) two months after the close of discovery. Depositions of any such experts will be completed seven months after the close of discovery.

8. It is expected Defendants intend to call expert witnesses at trial. WWE will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) two months after the close of discovery. Depositions of any such experts will be completed seven months after the close of discovery.

9. Damages analyses will be provided by any party who has a claim or counterclaim for damages two months after the close of discovery.

10. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to

preserve electronically stored information, and the allocation of costs of assembling and producing such information. The Plaintiffs agree to abide by their general obligations under the Federal Rules of Civil Procedure and common law to preserve documents and information.

   11. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The Plaintiffs agree to be bound the Federal Rules of Civil Procedure and common law governing privileged and work-product information

   **F.**  **Dispositive Motions:**

Dispositive motions will be filed one month after the close of discovery.

   **G.**  **Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed on a date to be set by the Court following a decision on dispositive motions.

**V.**  **TRIAL READINESS**

The case will be ready for trial by within 2 years of the commencement of discovery.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

              Respectfully Submitted,

              /s/ Brenden P. Leydon_____

              Brenden P. Leydon, Esq. (ct16026)
              TOOHER WOCL & LEYDON LLC
              80 4th Street
              Stamford, Connecticut 06905
              Telephone: (203) 517-0456
              Facsimile: 203-324-1407
              BLeydon@tooherwocl.com

Konstantine W. Kyros, Esq.
KYROS LAW OFFICES
17 Miles Road
Hingham, MA 02043
Telephone: (800) 934-2921
Facsimile: 617-583-1905
kon@kyroslaw.com

S. James Boumil, Esq.
BOUMIL LAW OFFICES
120 Fairmount Street
Lowell, Massachusetts 01852
Telephone: (978) 458-0507
SJBoumil@Boumil-Law.com

Anthony M. Norris, Esq.
KYROS LAW OFFICES
17 Miles Road
Hingham, Massachusetts 02043
Telephone: (603) 995-1792
Facsimile: (617) 583-1905
anorris@kyroslaw.com

Erica C. Mirabella, Esq.
MIRABELLA LAW LLC
132 Boylston Street, 5th Floor
Boston, Massachusetts 02116
Telephone: (617) 580-8270
Facsimile: (617) 583-1905
erica@mirabellaLLC.com

R. Christopher Gilreath, Esq.
GILREATH & ASSOCIATES
200 Jefferson Avenue, Suite 711
Memphis, Tennessee 38103
Telephone: (901) 527-0511
Facsimile: (901) 527-0514
chrisgil@sidgilreath.com

*Counsel for Plaintiffs.*

CERTIFICATE OF SERVICE

    I hereby certify that on this 2nd day of September, 2016, a copy of the foregoing Complaint was served via this Court's electronic case filing system.

                                                        */s/ Brenden P. Leydon*

                                                        Brenden P. Leydon, Esq.