UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH M. LAURINAITIS, *et al.*, | : NO. 3:16-CV-01209-WWE |
| Plaintiffs, | : |
| VS. | : |
| WORLD WRESTLING ENTERTAINMENT, INC., *et al.*, | : |
| Defendants. | : SEPTEMBER 8, 2016 |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
"MOTION FOR ORDER REGARDING 26(F) REPORT MOTION" AND
CROSS-MOTION TO STAY OR POSTPONE RULE 26(f) CONFERENCE**

Defendants World Wrestling Entertainment, Inc. ("WWE") and Vincent K. McMahon (collectively, "Defendants") respectfully submit this response in opposition to the document styled as Plaintiffs' "Motion for Order Regarding 26(F) Report Motion" (the "Motion") and cross-motion to stay or postpone Rule 26(f) conference. In support thereof, Defendants state as follows:

## I.     INTRODUCTION

On September 2, 2016, Plaintiffs out-of-the-blue filed a disjointed, misleading and largely unintelligible Motion asking the Court to enter Plaintiffs' unilaterally-proposed scheduling order.    Plaintiffs' Motion begins with an illiterate sentence, proceeds with sentence fragments evidencing nobody even proofread the document, and ends with a comma.  In between, Plaintiffs appear to have "cut and pasted" several sentences from their response opposing Defendants' emergency motion for status conference. (Doc. 35.)  In their haste to file the Motion without prior notice on the Friday afternoon before Labor Day weekend, evidently

95489022.2

none of attorneys at the six law firms representing Plaintiffs in this case bothered to read the Motion to discover that it made no sense.

Plaintiffs' filing of the Motion without prior notice was particularly surprising and misleading given that, on August 19, 2016, Defendants had advised Plaintiffs of their intention to file a motion to stay or postpone the Rule 26(f) conference in light of (1) the pending notice of related cases (Doc. 16); (2) the pending emergency motion for a status conference (Doc. 28); and (3) the pendency of a Rule 11 motion and supplemental Rule 11 motion that had been served on Plaintiffs.  Defendants asked for Plaintiffs' position on such a motion, but Plaintiffs' counsel never responded to Defendants' inquiry or thereafter communicated with Defendants about scheduling a Rule 26(f) conference or the unresolved Rule 11 issues.  Thus, far from any failure by Defendants "to cooperate in complying with the parties' Rule 26(f) obligations," as Plaintiffs misleadingly assert in their Motion, Defendants sought to cooperatively address case scheduling issues in an orderly and evenhanded manner.

In addition to the unexpected filing of the Motion without prior notice to or consultation with Defendants, Plaintiffs' proposed "26(F) report of parties' planning meeting" is defective in material respects.  <u>First</u>, Plaintiffs falsely state in the opening paragraph that Defendants "refused" to participate in a Rule 26(f) planning conference.  As noted, Defendants advised Plaintiffs of their intention to move to stay or postpone the conference in light of the numerous other pending matters that would affect case scheduling; Defendants never refused to participate in such a conference.  <u>Second</u>, Plaintiffs falsely state in Paragraph I that they "discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case" — no such discussion ever occurred.  <u>Third</u>, although Plaintiffs have opposed Defendants' motion for a status conference with the Court, in Paragraph

IV(B) Plaintiffs now request an in-person conference with the Court prior to entry of a scheduling order.  In Paragraph (IV)(C), Plaintiffs again request an early settlement conference "with the presiding judge, a magistrate judge, a parajudicial office[r], or a special master." Evidently, Plaintiffs are eager to meet with the Court except when the conference is requested by Defendants.  <u>Fourth</u>, Paragraph E(3) is inconsistent with Paragraph E(7)&(8).  Paragraph E(3) states that "[a]ll discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4) will be . . . completed (not propounded) within 12 months," however, Paragraph E(7)&(8) state that depositions of experts will be "completed seven months after the close of discovery."  <u>Fifth</u>, Paragraph E(5) nonsensically states that fact witness "depositions will commence be completed by the close of discovery."  <u>Sixth</u>, Paragraphs E(10)&(11) again falsely represent that the parties have conferred regarding the disclosure and preservation of electronically stored information, and certain discovery procedures, respectively.

## II.     BACKGROUND

Plaintiffs commenced this action by a 667-paragraph, 214-page Complaint filed July 18, 2016.  Though the Complaint includes both voluminous factual contentions and numerous legal claims that overlap with contentions made against WWE in five other cases by other plaintiffs represented by mostly the same lawyers, Plaintiffs did not identify any of those pending cases, all of which are consolidated before Judge Bryant, as related in their civil cover sheet filed with this action.  Accordingly, counsel for the Defendants appeared on July 21, 2016 for the purpose of filing a Notice of Related Cases. (Doc. 16.)  The Notice included a request that this case be reassigned to Judge Bryant to be managed with the consolidated cases before her.  Plaintiffs filed an opposition to the request in Defendants' Notice the next day. (Doc. 22.)

On August 10, 2016, in view of the approaching September 6, 2016 deadline for the parties to file a joint case planning report on Form 26(f), there having been no action on Defendants' request for reassignment, Defendants filed an emergency motion for status conference. (Doc. 28.) On August 19, 2016, Plaintiffs opposed that motion as well. (Doc. 35.) The same day, Plaintiffs' counsel proposed holding a 26(f) conference. Defendants' counsel responded that Defendants intended to file this motion to stay or postpone the Rule 26(f) conference in view of the issues that had been raised in Defendants' Notice of Related Cases, its Motion for Status Conference, and also in a motion that had been served on August 5, 2016 in accordance with Rule 11. WWE supplemented its Rule 11 motion on August 19 to raise additional concerns that had been uncovered regarding Plaintiffs' counsel's lack of pre-filing diligence. Also on August 19, 2016, WWE asked Plaintiffs' counsel: (a) to state their position on (a) the proposed motion to stay or postpone the Rule 26(f) conference, and (b) the Rule 11 motion. Plaintiffs' counsel never responded to either inquiry.[1]

### III.    ARGUMENT

There is good cause for extending the deadline for the parties to meet and confer pursuant to Rule 26(f) in this case for at least the following reasons. First and foremost, as set forth in WWE's Notice of Related Cases, this case is related to six other cases that are consolidated before Judge Bryant. This case ought, therefore, under Local Rule 40(b)(2), to be reassigned to Judge Bryant to be managed along with the other cases. It is difficult for the parties to attempt to set a schedule for the management of this case without knowing whether the case will, in fact, be

---

[1] In the meantime, Defendants' motion, on consent, to extend their time to respond to the Complaint to October 19, 2016 was granted. (Docs. 33, 34.)

managed along with the related cases. For example, discovery is stayed in the consolidated cases until resolution of pending motions to dismiss and for summary judgment.[2]

Furthermore, the parties cannot participate in a meaningful case planning process while the claims and allegations in this case are – or at least ought to be – in flux. Plaintiffs have been served with two Rule 11 motions addressed to the Complaint, which Defendants believe must be withdrawn. The initial Rule 11 motion (which was served on August 5, 2016 and for which the safe-harbor period expired on August 26, 2016) raises numerous fatal defects in Plaintiffs' claims, including: (1) claims for which there is no legal basis, (2) claims for which there is no private right of action, (3) claims for which there is no subject matter jurisdiction, and (4) time-barred claims. That motion also asserts that Plaintiffs' claims include *hundreds* of allegations that are not the product of reasonable inquiry to determine if the allegations have evidentiary support (and that, in fact, lack such support), including numerous allegations that are known to Plaintiff's counsel to be false. To date, there has been no statement whether Plaintiffs will withdraw or amend their claims. The supplemental Rule 11 motion served on August 19 identifies at least 19 of the 53 Plaintiffs who signed agreements with WWE releasing the claims at issue in this case, but there has not yet been any statement whether any of these Plaintiffs will drop their claims. For these reasons, as Defendants will explain in further detail, if necessary, in memoranda in support of both motions to dismiss and for sanctions, there are extremely serious issues concerning the scope of this case that make it appropriate to defer any discussion of discovery.

---

[2] Two of the six cases were dismissed entirely. In two others, motions to dismiss are under advisement, with decisions expected soon. In a fifth case, after completion of a limited discovery phase, WWE's summary judgment motion is pending with respect to the sole claim remaining, all others having been dismissed. The last case is a declaratory judgment case brought by WWE, which WWE also intends to seek to resolve on the pleadings.

Finally, as WWE explained in its emergency motion for status conference, it is critical that this case be carefully managed from the outset. Rule 16 of the Federal Rules of Civil Procedure requires the Court to issue a scheduling order after *either* (a) receiving a Rule 26(f) report *or* (b) consulting with the parties at a scheduling conference. In this case, for the reasons set forth in Defendants' motion (Doc. 28), it is both appropriate and far more productive for the parties to confer first with the Court. Following that conference, the Court may either issue an appropriate scheduling order or direct the parties, following the guidance received, to participate in a planning conference, after which a scheduling order may be issued.

No previous motions for extension of the 26(f) deadline have been filed in this action. As noted at the outset, Plaintiffs' counsel did not respond to the undersigned's inquiry as to Plaintiffs' position with respect to the relief requested by Defendants' cross-motion.

## IV.     CONCLUSION

For all of the foregoing reasons, the Court should deny Plaintiffs' Motion and grant Defendants' cross-motion to extend the time for compliance with Local Rule 26(f) until after a preliminary status conference has been held with the Court.

>                     DEFENDANTS WORLD WRESTLING
>                     ENTERTAINMENT, INC. and VINCENT K.
>                     McMAHON,
>
>                     By: */s/  Jerry S. McDevitt*
>                         Jerry S. McDevitt (*pro hac vice*)
>                         Curtis B. Krasik *(pro hac vice)*
>                         K&L GATES LLP
>                         K&L Gates Center
>                         210 Sixth Avenue
>                         Pittsburgh, PA 15222
>                         Phone: (412) 355-6500
>                         Fax: (412) 355-6501
>                         Email: jerry.mcdevitt@klgates.com
>                         Email: curtis.krasik@klgates.com

                                          Jonathan B. Tropp (ct11295)
                                          Jeffrey P. Mueller (ct27870)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Phone: (860) 275-0100
Fax: (860) 275-0343
Email: tgoldberg@daypitney.com
Email: jbtropp@daypitney.com
Email: jmueller@daypitney.com

Their Attorneys

-8-

## CERTIFICATION OF SERVICE

      I hereby certify that on September 8, 2016 a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                                      */s/ Jeffrey P. Mueller*
                                                    Jeffrey P. Mueller (ct27870)