UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARCUS BAGWELL, individually and on behalf of all others similarly situated, | : | NO. 3:16-CV-01350-JCH |
| Plaintiff, | : : : | |
| VS. | : : | |
| WORLD WRESTLING ENTERTAINMENT, INC., | : : : | |
| Defendant. | : | SEPTEMBER 28, 2016 |

**DEFENDANT WWE'S NOTICE OF RELATED CASES
AND REQUEST FOR TRANSFER**

Pursuant to Local Rule of Civil Procedure 40(b)(2), Defendant World Wrestling Entertainment, Inc. ("WWE") hereby provides notice that this case (the "*Bagwell* Action") is related to another, previously filed case that is pending in the District of Connecticut before the Honorable Vanessa L. Bryant, *Laurinaitis v. WWE, Inc.*, No. 3:16-cv-01209-VLB (the "*Laurinaitis* Action"), and request that the *Bagwell* Action be transferred to her. As set forth more fully below, both actions involve attempts (in fact, competing attempts) by overlapping groups of plaintiffs represented by the same lawyer to extract additional royalty compensation from WWE related to their performances. In support of this Notice and Request, WWE states as follows:

1. Attorney Brenden Leydon filed the *Laurinaitis* Action on July 18, 2016, on behalf of former performers for the WWE. That action, which was initially assigned to the Honorable Warren W. Eginton, names 53 individual plaintiffs, who bring a smorgasbord of claims against WWE, including claims, on the one hand, for, e.g., medical monitoring, fraudulent concealment, negligent misrepresentation, negligent hiring, negligent

retention, wrongful death and survival (the "Personal Injury claims"), and, on the other hand, for, e.g., misclassification, unconscionability, RICO violations, intentional deprivation of statutory rights, mandatory reporting, accounting, and unjust enrichment (the "Classification claims"). Attorney Leydon's co-counsel in the *Laurinaitis* Action include Attorney Konstantine Kyros and others who represent numerous plaintiffs in certain Consolidated Cases[1] pending before Judge Bryant.

2. The *Laurinaitis* Action and the Consolidated Cases are related because they all involve similar allegations and claims by Attorney Kyros on behalf of former professional wrestlers and performers that they sustained traumatic brain injuries during their tenure with WWE. Indeed, many of the allegations in the *Laurinaitis* Action are virtually identical to those asserted in the Consolidated Cases. All of these cases also present issues of whether the claims by the former WWE performers are barred by the applicable statutes of limitations and statutes of repose. Accordingly, by Order entered September 27, 2016, Judge Eginton transferred the *Laurinaitis* Action to the docket of Judge Bryant.

3. While the Personal Injury claims in the *Laurinaitis* Action are related to the claims in the Consolidated Cases, the Classification claims are far more closely related to claims pending in the present *Bagwell* Action, which was filed by Attorney Leydon on August 9, 2016, and assigned to the Honorable Janet C. Hall.

---

[1] The Personal Injury claims are related to claims that were already pending before the Honorable Vanessa L. Bryant in a group of consolidated actions brought by Attorney Kyros as lead counsel for the various plaintiffs. Indeed, pursuant to Consolidation Orders entered on July 23, 2015, August 4, 2015, and October 5, 2015, the following six cases were consolidated before Judge Bryant: the lead case of *McCullough et al. v. World Wrestling Entertainment Inc.*, No. 3:15-CV-01074-VLB and the member cases of *Haynes v. World Wrestling Entertainment*, *Inc.*, No. 3:15-CV-01156-VLB, *Singleton et al. v. World Wrestling Entertainment, Inc.*, No. 3:15-CV-00425-VLB, *Frazier v. World Wrestling Entertainment*, *Inc.,* No. 3:15-CV-01229-VLB, *James v. World Wrestling Entertainment, Inc.*, No. 3:15-CV-01305-VLB, and *World Wrestling Entertainment, Inc. v. Windham, et al.*, No. 3:15-CV00994-VLB (collectively, the "Consolidated Cases"). Each of the Consolidated Cases was initially assigned or subsequently transferred to Judge Bryant after it was filed.

4. In the Classification claims of the *Laurinaitis* Action, each of the 53 plaintiffs asserts, *inter alia*, that he or she was misclassified by WWE as an independent contractor, rather than as an employee. Each of them asserts that WWE's misclassification was unconscionable, warranting a declaration that their contracts with WWE are void and entitling each plaintiff as well to, among other remedies, both "equal rights with the WWE to the money earned from their images and performances, and the use of their persona[e] to generate income" and "equal rights to the ownership of their own intellectual property consisting of their performances, images, and all paraphernalia and promotions using their images, likenesses and persona[e,] rights to which were unjustly taken from them through the fraudulent imposition upon them of the unconscionable boilerplate Booking Contracts." (*Laurinaitis* Action, Doc. 1, ¶¶ 659-660; *see id.* Count XVI.)

5. In the *Bagwell* Action, Attorney Leydon alleges, both on behalf of Plaintiff Marcus Bagwell and on behalf of a putative class consisting of all others similarly situated, that former WWE performers are likewise entitled to additional royalties under their contracts with WWE.[2] More specifically, Bagwell asserts, among other claims, that WWE's alleged acquisition of copyrights in the video library of a former competitor somehow transmutes contractual obligations between that defunct competitor and its performers into contracts between those performers and WWE and, further, that as transformed, those contracts entitle the performers to contractual royalties for the exploitation of the

---

[2] On September 7, 2016, Attorney Leydon filed a motion for leave to amend his Complaint. That motion remains pending. The proposed amended complaint, which is intended to address Rule 11 concerns that had been raised by WWE, would add an additional named plaintiff, an additional named defendant, and numerous additional claims, as well as revising existing claims in the Complaint. Though the proposed amended complaint differs from the Complaint in these substantial respects, none of these differences is material to the present Notice and Request.

copyrights. As defined in the *Bagwell* Action, the putative class includes at least several performers who are named as individual plaintiffs in the *Laurinaitis* Action.

6. The claims in the *Bagwell* Action are therefore related to the claims in the *Laurinaitis* Action in at least the following important respects:

   a. First, the claims in both the *Bagwell* Action and the *Laurinaitis* Action are brought by Attorney Leydon against WWE on behalf of an overlapping set of plaintiffs. Thus, both cases involve the same parties and the same counsel.

   b. Second, the common parties and counsel in the two cases are litigating, among other things, both over the same contracts and over conflicting royalty obligations. Concededly, in the *Laurinaitis* Action, Attorney Leydon, on behalf of the 53 plaintiffs there, urges a declaration that the booking contracts between WWE and its former performers are void (*see Laurinaitis* Action, Doc. 1, Count IV (asserting that WWE booking contracts are unconscionable and so void); *id.*, Count XVI (seeking additional royalties outside of contract); whereas, in the *Bagwell* Action, on behalf of at least 100 class members, Attorney Leydon seeks a declaration enforcing the self-same booking contracts and, indeed, urging a broad interpretation of WWE's obligations under those agreements (*see Bagwell* Action, Doc. 11-1, ¶¶ 114, 136 (asserting that WWE booking contracts are binding and enforceable); *id.* Count I (seeking additional royalties under contract)). Far from serving as a basis to distinguish the two actions, however, these conflicting positions with respect to the booking contracts only increase the specter of inconsistent outcomes, the risk of which transfer to a common judge is intended to mitigate. *See Merriweather v. Sherwood*, No. 77 Civ. 3421 (AGS), 2002 U.S.

Dist. LEXIS 9423, *18-19 (S.D.N.Y. May 29, 2002) (reassigning action to another judge of the Southern District of New York before whom was pending a case that overlapped substantially, among other reasons, to avoid waste of judicial resources and potential for inconsistent outcomes).

c. Third, the claims and allegations in both actions raise issues with respect to copyright law that will affect their adjudication. WWE's position in both cases will be the same — that the booking contracts are enforceable and do not provide for royalties on the matters sought by plaintiffs, and all other common law claims are preempted by copyright law. Thus, in both cases, the Court must consider the implications and limitations of copyright law, including the doctrine of preemption.

d. Fourth, among the issues that must be resolved in the *Bagwell* Action (assuming the claims are not sooner dismissed on the merits) is the issue of class certification. Specifically, plaintiff(s) allege, and must prove, that they "have no conflicts of interest with, or interest, that are any different form those of the other class members. Plaintiffs have retained competent counsel experienced in class action and other complex litigation." (*Bagwell* Action, Doc. 1, ¶ 59; Doc. 11-1, ¶ 107.) In fact, as set forth above, at least some of the individual plaintiffs represented by Attorney Leydon in the *Laurinaitis* Action take a position diametrically opposed to the position espoused by Attorney Leydon on behalf of plaintiff(s) in the *Bagwell* Action despite being members of the putative plaintiff class. Therefore, the claims in the *Laurinaitis* Action are additionally related to the claims in the *Bagwell* Action by virtue of the class allegations asserted there.

7. Accordingly, because the *Bagwell* Action is related to the *Laurinaitis* Action in at least the important ways set forth above, the *Bagwell* Action should be transferred to Judge Bryant because she is currently presiding over the earlier-filed, related *Laurinaitis* Action.  *See* D. Conn. L. Civ. R. 40(b)(1) ("In the event that it is subsequently determined that there is pending in this District a related case, or, if one is later filed, such case should normally be transferred to the Judge having the earliest filed case."). Accordingly, transfer of this case to Judge Bryant would promote judicial economy and efficiency as well as mitigating the risk of inconsistent rulings.

WHEREFORE, this case should be transferred to Judge Bryant because related to the *Laurinaitis* Action already pending before her.

                DEFENDANT WORLD WRESTLING
                ENTERTAINMENT, INC.

                By: */s/ Jerry S. McDevitt*
                    Jerry S. McDevitt (*pro hac vice*)
                    Curtis B. Krasik *(pro hac vice*)
                    K&L GATES LLP
                    K&L Gates Center
                    210 Sixth Avenue
                    Pittsburgh, PA 15222
                    Phone: (412) 355-6500
                    Fax: (412) 355-6501
                    Email: jerry.mcdevitt@klgates.com
                    Email: curtis.krasik@klgates.com

                    Jonathan B. Tropp (ct11295)
                    Jeffrey P. Mueller (ct27870)
                    DAY PITNEY LLP
                    242 Trumbull Street
                    Hartford, CT 06103
                    Phone: (860) 275-0100
                    Fax: (860) 275-0343
                    Email: jbtropp@daypitney.com
                    Email: jmueller@daypitney.com

                    Their Attorneys

## CERTIFICATION OF SERVICE

I hereby certify that on September 28, 2016 a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                      */s/ Jeffrey P. Mueller*
                                                      Jeffrey P. Mueller (ct27870)