UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARCUS BAGWELL, individually and on behalf of all others similarly situated, | : | NO. 3:16-CV-01350-JCH |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | |
| WORLD WRESTLING ENTERTAINMENT, INC., | : | |
| | : | |
| Defendant. | : | OCTOBER 3, 2016 |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO NOTICE OF RELATED CASES AND REQUEST FOR TRANSFER**

Defendant World Wrestling Entertainment, Inc. ("WWE") respectfully submits this reply to Plaintiff's opposition to its Notice of Related Cases and Request for Transfer ("Notice").

**I.    Plaintiff Incorrectly States the Applicable Standard Under Local Rule 40(b).**

Local Rule 40(b) provides that "[i]n the event that it is subsequently determined that there is pending in this District a related case, or, if one is later filed, such case should normally be transferred to the Judge having the earliest filed case.  A case may be reassigned at the *discretion* of the Chief Judge."  D. Conn. L. Civ. R. 40(b)(1) (emphasis added).

Plaintiff erroneously argues that cases should be considered "related" under Local Rule 40(b) only where the actions are "duplicative" and subject to transfer under the first-to-file rule. (Pl.'s Opp. at 3.)  Local Rule 40(b) contains no such requirement, and Plaintiff's position is based only on a single case in which the parties *agreed* to apply the first-to-file standard.  The fact that the rule explicitly authorizes the Chief Judge to reassign cases in her sole *discretion* is inconsistent with Plaintiff's contention that the first-to-file standard applies, and there is no suggestion in the rule that a different standard applies to requests considered by the presiding

judge.[1]  In seeking to apply the transfer standard under the first-to-file rule, Plaintiff ignores that the transfer request here is only for an intra-district reassignment.  Moreover, the plain meaning of "related" is far broader than "duplicative."  *See* Black's Law Dictionary (10th ed. 2014) (defining "related" to mean "[c]onnected in some way; having relationship to or with something else"); Merriam-Webster Online Dictionary (defining "related" as "connected in some way; in the same family; belonging to the same group because of shared characteristics, qualities, etc."). Under the correct standard, *Bagwell* and *Laurinaitis* are related cases, and the Court should exercise its discretion to transfer *Bagwell* to Judge Bryant, who has the earlier filed case.

## II.     The *Bagwell* and *Laurinaitis* Actions Are Related Cases.

The *Bagwell* and *Laurinaitis* cases both involve attempts by former WWE performers to extract additional royalty compensation from WWE.  Both cases concern the same issues of (1) whether the Booking Contracts between WWE and the former performers are enforceable, and (2) whether the former performers are entitled to royalties over and above what they are paid by WWE.  In *Bagwell*, Plaintiff purports to bring an action "on behalf of himself and all similarly situated individuals under similar form contracts, who not have not received contractually owed royalty payments" from WWE.  (Compl. ¶ 1.)  In *Laurinaitis*, the plaintiffs seek to invalidate "the royalty provisions of those contracts" and claim that they should have "equal rights to the ownership of their own intellectual property" and "equal rights with the WWE to the money earned from their images and performances."  (*Laurinaitis*, Case No. 3:16-CV-01209-VLB, Doc. No. 1 ¶¶ 658-660.)  In both cases, WWE maintains that the Booking Contracts are enforceable and that the plaintiffs are not entitled to additional royalty compensation.  Both cases also involve issues of copyright law and whether certain claims are barred by the doctrine of

---

[1] Here, of course, the Chief Judge is the presiding judge.

preemption.  Bagwell even recognizes that whether his claims are preempted by the Copyright Act is a central issue in this case.  (*See* Compl. ¶¶ 48-53.)

Plaintiff argues that the cases are not related because *Bagwell* does not involve the traumatic brain injury claims that are present in *Laurinaitis*.  However, Plaintiff's counsel (who also represents the *Laurinaitis* plaintiffs) previously claimed that the traumatic brain injury claims were not a focus of *Laurinaitis* in arguing that *Laurinaitis* was not related to the Consolidated Cases and in opposing transfer of that case to Judge Bryant.  At that time, Plaintiff's counsel argued that the "gravamen" of *Laurinaitis* was the alleged "misclassification of Plaintiffs as independent contractors" and "involves royalties' contracts and disbursements." (*Laurinaitis*, Case No. 3:16-CV-01209-VLB, Doc. No. 22 at 1, 3.)  Plaintiff's counsel now completely reverses course to argue that *Laurinaitis* is merely a "head bashing concussion case" that has nothing to do with contractual royalty obligations.  (Pl.'s Opp. at 5.)  Both of the inconsistent positions advanced by Plaintiff's counsel are wrong:  *Laurinaitis* and the Consolidated Cases are related (as the Court already found) because they all involve traumatic brain injury claims by former WWE performers, and *Bagwell* and *Laurinaitis* are also related because both involve claims to additional royalty compensation by former WWE performers.[2]

Plaintiff also incorrectly argues that *Bagwell* and *Laurinaitis* are not related cases because they do not involve identical parties.  Under Plaintiff's view, this Court would be powerless to reassign multiple cases involving the same claims against the same defendant filed by the same attorney to the same judge unless the cases were entirely duplicative.  This view is inconsistent with both the plain language and purpose of Local Rule 40(b) and with this Court's regular

---

[2] In reality, *Laurinaitis* is a hybrid action brought by 53 individual Plaintiffs who have asserted 17 different causes of action in a single case.  Having elected to bring such an action, Plaintiffs cannot fairly complain when WWE points out that it is related to more than one other case.

-3-

practice, as evidenced by the fact that *Laurinaitis* and the Consolidated Cases were transferred to Judge Bryant by four different judges of this Court even though each had different named plaintiffs.  In any event, Plaintiff's claim that *Bagwell* and *Laurinaitis* involve different parties is incorrect.  WWE is the defendant in both cases, and several of the *Laurinaitis* plaintiffs are members of the putative class in *Bagwell*.  Although Plaintiff criticizes WWE for not identifying those plaintiffs in the Notice, Plaintiff's counsel should have known which of his own clients in *Laurinaitis* were members of the putative class he defined in *Bagwell* if he had conducted appropriate due diligence by obtaining and reviewing his clients' contracts before asserting that they were void and unconscionable in *Laurinaitis*.  Based on WWE's own initial review, *at least* four of the *Laurinaitis* plaintiffs fall within the definition of the putative class in *Bagwell*.[3]

Plaintiff also incorrectly contends that *Bagwell* and *Laurinaitis* do not involve the same counsel.  Although Plaintiff claims that Mr. Krislov and Mr. Peterson are not associated with the *Laurinaitis* case in any manner, it is indisputable both that Mr. Leydon represents the plaintiffs in both cases and that he personally signed the pleadings to date in each case.[4]  It is also undeniable that Mr. Leydon is advocating inconsistent theories in each case since he seeks to enforce contracts in *Bagwell* that he claims are void in *Laurinaitis*.  Although Plaintiff argues that a party may plead alternative theories of liability, the law is clear that a party asserting inconsistent

---

[3] The *Laurinaitis* plaintiffs who fall within the definition of the putative class in the *Bagwell* are Chavo Guerrero Sr., Jon Heidenreich, Jon Hugger, and Tracy Smothers.  Other plaintiffs would fall within the class definition but for *Bagwell*'s exclusion from the class definition of performers who signed releases with WWE.

[4] Curiously, Plaintiff does not claim that Konstantine Kyros, who is lead counsel for the plaintiffs in the *Laurinaitis* case, is not associated with *Bagwell* case in any manner.  WWE has reason to believe that Mr. Kyros was involved in soliciting former performers to bring royalty claims against WWE and has retainer agreements with former performers to assert such claims. Indeed, the first royalties lawsuit against WWE that was filed by Plaintiff's counsel was brought by a performer named Rene Goguen, who is a known client of Mr. Kyros.  As discussed below, the *Goguen* case was voluntarily dismissed by Plaintiff's counsel days after it was brought.

-4-

theories must make an election of remedies.[5]  *See Treglia v. Zanesky*, 67 Conn. App. 447, 456 (2001) ("The plaintiff, however, mistakes a party's right to plead alternative theories of liability with a right to seek inconsistent remedies that could result in double recovery."); *Lee v. Duncan*, No. CV990171435S, 2003 Conn. Super LEXIS 2921, at *17 (Conn. Super. Ct. Oct. 31, 2003) ("[T]he doctrine [of election of remedies] prevents a plaintiff from obtaining inconsistent remedies on inconsistent views of the same evidence").  Plaintiff's counsel cannot obtain inconsistent judgments that both enforce and rescind the same contracts.  Such risks can be mitigated by having the same judge preside over both cases.[6]

### III.     Plaintiff's Procedural Arguments Are Baseless.

Plaintiff's arguments that WWE's Notice did not comply with Local Rule 40(b) are baseless.  First, Plaintiff incorrectly argues that the Notice was untimely because it was not served at the time that WWE *served* its Rule 11 motion for sanctions.  (Pl.'s Opp. at 2, n.4.)  Local Rule 40(b) provides that a notice must be filed when a party "*files* its first motion or pleading in such case."  D. Conn. L. Civ. R. 40(b)(2) (emphasis added).  Because WWE's Rule 11 motion has not been filed, and WWE has not yet filed *any* motion or pleading in this case, its Notice was timely.  Indeed, it was *Plaintiff*'s *counsel* who violated this rule by not advising the Court of the related case when they filed the Complaint and the Civil Cover Sheet.

---

[5] Although Plaintiff's counsel argue that a party who alleges fraud in the inducement of a contract has the option of seeking rescission or enforcement of the contract and damages, none of the plaintiffs have asserted a claim of fraud in the inducement, and any plaintiff who asserts such a claim would still be required to make an election of remedies.

[6] Plaintiff's argument that inconsistent judgments might be avoided by having some of the *Laurinaitis* plaintiffs opt out of the *Bagwell* class misses the point: a single judge can best police the various risks and tensions that exist between the cases.  Plaintiff's argument also overlooks the fact that the same counsel presently represents all of the plaintiffs in both cases and would have obvious conflicts of interest if appointed as class counsel.

Second, Plaintiff incorrectly argues that the Notice was defective because it did not disclose the presiding judge in *Bagwell*. (Pl.'s Opp. at 2, n.5.) Local Rule 40(b) provides that the Notice must disclose "the presiding judge of all cases currently pending in this District which may be related." D. Conn. L. Civ. R. 40(b)(2). WWE's Notice specifically disclosed that Judge Hall is the presiding judge in *Bagwell* and that Judge Bryant is the presiding judge in *Laurinaitis* following transfer of that case from Judge Eginton. (Doc. No. 25 at 1-2, 6.) WWE also filed the Notice in both *Bagwell* and *Laurinaitis* in accordance with the rule.

### IV. Plaintiff's *Ad Hominem* Attacks Are False and Irresponsible.

Plaintiff's counsel makes several *ad hominem* attacks against WWE and its counsel that are irrelevant to whether *Bagwell* should be transferred but nevertheless merit a response.

Plaintiff's counsel falsely accuse WWE of engaging in "frivolous litigation" and participating in a weekly "litigation spectacle." (Pl.'s Opp. at 1, n.1.) In fact, WWE has been forced to defend itself from frivolous litigation by *Plaintiff's counsel* who have repeatedly filed defective complaints against WWE over the past several months.

First, Plaintiff's counsel brought a frivolous class action complaint on behalf of a former performer named Rene Goguen alleging that he was entitled to additional royalties from WWE even though he signed two different contracts releasing such claims. *See Goguen v. World Wrestling Entertainment, Inc.*, Case No. 3:16-CV-00542-SRU. Following a demand from WWE's counsel to withdraw the lawsuit, Plaintiff's counsel voluntarily dismissed the case five days after it was filed, but not before it attracted extensive media attention and served as a recruiting tactic for additional plaintiffs.

Second, Plaintiff's counsel filed a Complaint on behalf of Bagwell that contained numerous false allegations and patently defective legal claims, including a breach of contract

claim against WWE even though it was apparent from the attachments to the Complaint that Bagwell never had a contract with WWE.[7] As a result, WWE served a Rule 11 motion for sanctions on Plaintiff's counsel, who thereafter stated their intention to file an amended complaint in an attempt to address the issues raised by the Rule 11 motion.

Third, Plaintiff's counsel filed a defective and oxymoronic motion to amend the complaint "as of right" requesting that the Court "enter an order granting the motion." (Doc. No. 11.) Plaintiff's counsel never served the motion on WWE or its counsel. Plaintiff's counsel also did not set forth any grounds for the motion or explain why they sought the Court's permission to file an amended complaint if they believed they had the "right" to amend it. Moreover, the proposed First Amended Complaint fails to cure many of the deficiencies identified in the Rule 11 motion served by WWE and introduces several additional problems.[8]

Plaintiff's counsel also falsely accuse WWE of engaging in "further judge shopping" by filing the Notice in this case. (Pl's Opp. at 2.) Plaintiff's counsel suggest that WWE first engaged in such judge shopping by seeking to transfer *Laurinaitis* to Judge Bryant when, in fact, the Court adopted WWE's position and entered an order reassigning the case. (*See Laurinaitis*, Case No. 3:16-CV-01209-VLB, Doc. No. 39.) Indeed, it was *Plaintiff's counsel* who engaged in judge shopping by resisting transfer of *Laurinaitis* to Judge Bryant when it was patently obvious that the claims in that case were related to those already pending before her in the Consolidated Cases. Indeed, contrary to their prior arguments, Plaintiff's counsel now admit that *Laurinaitis*

---

[7] Plaintiff's Counsel perpetuate this falsehood in their opposition by asserting that "Bagwell would be within his rights to sue under the WWE booking contract" when they know that he never had such a contract with WWE. (Pl.'s Opp. at 6.)

[8] In addition, Mr. Leydon filed a Complaint in the *Laurinaitis* action that was also filled with patently false and nonsensical allegations and legally frivolous claims, which WWE intends to expose in a motion for sanctions that will soon be filed in that case.

"inherently possesses some overlapping allegations with the prior concussion cases." (Pl.'s Opp. at 2.) Plaintiff's counsel also irresponsibly argue that WWE is engaged in judge shopping here in *Bagwell*. However, this is not a case in which WWE filed suit before another judge in an effort to influence who would hear the case. Rather, WWE simply complied with its obligations to file a notice advising the Court of another currently pending case in this District that "may be related." D. Conn. L. Civ. R. 40(b)(2). Plaintiff's reckless and frivolous allegations of judge-shopping are offensive to both WWE and the judges of this Court.

Plaintiff's counsel also launch a baseless attack on WWE's lead counsel, Jerry McDevitt, for responding to media inquiries about *Bagwell* before he was admitted *pro hac vice* in the case. (Pl.'s Opp. at 2 n.2.) Mr. McDevitt has been WWE's principal outside counsel for over 30 years, has represented WWE in every major litigation over that time period, and has been admitted *pro hac vice* in this case and all other cases against WWE that are currently pending in this District. There is simply no support for Plaintiff's argument that *pro hac vice* admission was a prerequisite to the exercise of his First Amendment right to comment on a matter of public concern. In any event, Mr. McDevitt's comments accurately reflected the facts of this case and WWE's intended response to the Complaint.

### V.  Conclusion

For the reasons set forth above and in the Notice, the *Bagwell* case should be transferred to Judge Bryant because it is related to the *Laurinaitis* case already pending before her and because transfer of the case would promote judicial economy and mitigate the risk of inconsistent rulings and outcomes.

DEFENDANT WORLD WRESTLING
ENTERTAINMENT, INC.

By: /s/ Jerry S. McDevitt
    Jerry S. McDevitt (*pro hac vice*)
    Curtis B. Krasik *(pro hac vice)*
    K&L GATES LLP
    K&L Gates Center
    210 Sixth Avenue
    Pittsburgh, PA 15222
    Phone: (412) 355-6500
    Fax: (412) 355-6501
    Email: jerry.mcdevitt@klgates.com
    Email: curtis.krasik@klgates.com

    Jonathan B. Tropp (ct11295)
    Jeffrey P. Mueller (ct27870)
    DAY PITNEY LLP
    242 Trumbull Street
    Hartford, CT 06103
    Phone: (860) 275-0100
    Fax: (860) 275-0343
    Email: jbtropp@daypitney.com
    Email: jmueller@daypitney.com

    Their Attorneys

## **CERTIFICATION OF SERVICE**

    I hereby certify that on October 3, 2016 a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                       /s/ Jeffrey P. Mueller
                       Jeffrey P. Mueller (ct27870)